**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
**MINNEAPOLIS DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Case No. 0:20-cv-01423 |
| v.   ) | |
| ) | |
| TRUMAN 2016 SC6, LLC   ) | |
| ) | |
| Defendant.   ) | |

## MOTION TO TEMPORARILY SEAL COMPLAINT

Pursuant to Local Rule 5.6, Plaintiff U.S. Bank National Association ("Plaintiff" or "U.S. Bank") moves to file its Complaint in this case under temporary seal. The vast majority of information contained in the Complaint is subject to a confidentiality agreement between U.S. Bank and Defendant Truman 2016 SC6, LLC ("Defendant" or "Truman"), as evidenced by Exhibit A to the Complaint. U.S. Bank requests that the Complaint be temporarily sealed at least until U.S. Bank and Truman submit a Joint Motion Regarding Continued Sealing and/or the Court provides further direction pursuant to Local Rule 5.6(e).

As one court in this District has explained:

Although the public has a right to access federal judicial records, that right is not absolute. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). "Every court has supervisory power over its own records and files" and may deny access to records that might "become a vehicle for improper purposes." *Id.* The Federal Rules of Civil Procedure and this Court's Local Rules and filing guides detail procedures by which the Court can exercise that supervisory power. Federal Rule of Civil Procedure 5.2(d) enables courts to order filing under seal to protect judicial records from inappropriate use and to respect privacy interests. This district's local rules establish a process by which the court can weigh confidentiality interests against the public's right of access to determine whether records should be sealed. D. Minn. LR 5.6. ***If information has been designated confidential by another party or is under a non-disclosure agreement, the filing party may file it under temporary seal***. *Id.* 5.6(c)(2). The

Court will then decide if the party opposing disclosure has a compelling reason to keep the information under seal. *See Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). This process does not affect any preexisting "contractual . . . obligation to keep information confidential." LR 5.6(a)(3).

*Midwest Med. Sols., LLC v. Exactech United States, Inc.*, No. 19-cv-719, 2019 U.S. Dist. LEXIS 230219, at *5-6 (D. Minn. Sep. 19, 2019) (emphasis added). Given the parties' confidentiality agreement here, temporary sealing of the Complaint is proper under Local Rule 5.6. *See id.* Moreover, further direction of the Court is required under Local Rule 5.6(e), which provides that a party who seeks leave of court to file a document under seal other than in connection with a motion under Local Rule 7.1 or an objection to a magistrate judge's rulings under Local Rule 72.2 "must obtain direction from the court on the procedure to be followed."

Dated:  June 20, 2020                         Respectfully submitted,

/s/ Raechel J. Bimmerle
Raechel J. Bimmerle (Minnesota Bar No. 0400466)
Christopher A. Riley (*pro hac vice pending*)
Jamie S. George (*pro hac vice pending*)

ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
404-881-7000 (telephone)
404-881-7777 (facsimile)
rae.bimmerle@alston.com
chris.riley@alston.com
jamie.george@alston.com