# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

U.S. BANK NATIONAL ASSOCIATION, )
                                    )      Case No. 0:20-cv-01423 (DSD/HB)

       Plaintiff, )

                                      )

v. )

                                      )

TRUMAN 2016 SC6, LLC )

                                      )

       Defendant. )

## DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Defendant, Truman 2016 SC6, LLC ("Defendant" or "Truman"), by its attorneys, J. Robbin Law PLLC, as and for an Answer to the Complaint ("Complaint") filed by Plaintiff, U.S. Bank National Association ("Plaintiff" or "U.S. Bank"), with Affirmative Defenses and Counterclaims states, upon information and belief, as follows:

## IN RESPONSE TO THE COMPLAINT

## NATURE OF ACTION

1. Paragraph 1 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman denies the allegations set forth in Paragraph 1 of the Complaint and leaves U.S. Bank to its proofs.

1

2.      Truman admits the allegations contained in Paragraph 2 of the Complaint to the extent that Truman purchased mortgage loans from U.S. Bank pursuant to the ASA. Truman denies the remaining allegations contained in Paragraph 2 of the Complaint and leaves U.S. Bank to its proofs.

3.      Truman denies the remaining contained in Paragraph 3 of the Complaint and leaves U.S. Bank to its proofs.

4.      Paragraph 4 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 4 of the Complaint and leaves U.S. Bank to its proofs.  Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

5.      Truman denies the allegations set forth in Paragraph 4 of the Complaint and leaves U.S. Bank to its proofs.  Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

6.      Truman admits the allegations contained in Paragraph 6 of the Complaint to the limited extent that in May 2019 Truman began to demand U.S. Bank repurchase the Disputed Loans advising and putting US Bank on notice that US Bank was in breach of the ASA and denies all remaining allegations in the Paragraph.

7.      Truman admits the allegations contained in Paragraph 7 of the Complaint to the extent that U.S. Bank did not repurchase the Disputed Loans.  Truman denies the remaining allegations contained in Paragraph 7 of the Complaint and leaves U.S. Bank to its proofs.

8. Paragraph 8 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman denies the allegations set forth in Paragraph 8 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

9. Paragraph 9 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman denies the allegations set forth in Paragraph 9 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

10. Paragraph 10 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman denies the allegations set forth in Paragraph 10 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

11. Truman admits the allegations contained in Paragraph 11 of the Complaint to the extent that Truman demanded the repurchase of the Disputed Loans. Truman denies the remaining allegations contained in Paragraph 11 of the Complaint and leaves U.S. Bank to its proofs.

12. Truman admits the allegations contained in Paragraph 12 of the Complaint to the extent that Truman demanded the repurchase of the Disputed Loans. Truman denies

the remaining allegations contained in Paragraph 11 of the Complaint and leaves U.S. Bank to its proofs.

13. Paragraph 13 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.

## JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman denies the allegations set forth in Paragraph 14 of the Complaint and leaves U.S. Bank to its proofs.

15. Paragraph 15 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman denies the allegations set forth in Paragraph 15 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

16. Paragraph 16 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman denies the allegations set forth in Paragraph 16 of the Complaint and leaves U.S. Bank to its proofs.

## PARTIES

17. Truman denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 17 of the Complaint and leaves U.S. Bank to its proofs.

18. Truman admits the allegations contained in Paragraph 18 of the Complaint.

## FACTUAL BACKGROUND

19. Truman admits the allegations contained in Paragraph 19 of the Complaint to the extent that Truman was a bidder on a pool of loans. Truman denies the remaining allegations contained in Paragraph 19 of the Complaint and leaves U.S. Bank to its proofs.

20. Truman admits the allegations contained in Paragraph 20 of the Complaint to the extent that Truman was the winning bidder for the pools of loans included in the sale from U.S. Bank. Truman denies the remaining allegations contained in Paragraph 20 of the Complaint and leaves U.S. Bank to its proofs.

21. Truman denies the allegations contained in Paragraph 21 of the Complaint and leaves U.S. Bank to its proofs.

22. Truman denies the allegations contained in Paragraph 22 of the Complaint and leaves U.S. Bank to its proofs.

23. Truman denies the allegations contained in Paragraph 23 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the document referenced by U.S. Bank, as the document speaks for itself.

24. Paragraph 24 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within

5

Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 24 of the Complaint and leaves U.S. Bank to its proofs.

25.     Truman admits the allegations contained in Paragraph 25 of the Complaint to the extent that the loans were initially repriced.  Truman denies all remaining allegations contained in Paragraph 25 of the Complaint and leaves U.S. Bank to its proofs.

26.     Truman admits the allegations contained in Paragraph 26 of the Complaint to the extent that the ASA closed on November 19, 2018.

**The November 2, 2018 Asset Sale Agreement**

27.     Paragraph 27 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 27 of the Complaint and respectfully refers the Court to a copy of the ASA, which speaks for itself.

28.     Paragraph 28 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 28 of the Complaint and respectfully refers the Court to a copy of the ASA, which speaks for itself.

29.     Truman admits the allegations contained in Paragraph 29 of the Complaint to the extent that it references Section 5 of the ASA.  Truman denies the remaining allegations contained in Paragraph 29 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

30. Truman admits the allegations contained in Paragraph 30 of the Complaint to the extent that it references Section 6 of the ASA. Truman denies the remaining allegations contained in Paragraph 30 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

31. Truman admits the allegations contained in Paragraph 31 of the Complaint to the extent that it references Section 6 of the ASA. Truman denies the remaining allegations contained in Paragraph 31 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

32. Truman admits the allegations contained in Paragraph 32 of the Complaint to the extent that it references Section 23 of the ASA. Truman denies the remaining allegations contained in Paragraph 32 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

33. Truman admits the allegations contained in Paragraph 33 of the Complaint to the extent that it references Section 23 of the ASA. Truman denies the remaining allegations contained in Paragraph 33 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to a copy of the ASA, which speaks for itself.

**The Parties' Dispute Arising Under the ASA**

34. Truman admits the allegations contained in Paragraph 34 of the Complaint to the extent that on May 15, 2019 Truman made a formal notice to U.S. Bank that as a result of its breach of the ASA it needed to reprice or repurchase the Disputed Loans. Truman denies the remaining allegations set forth in Paragraph 34 of the Complaint and

7

leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the May 15, 2019 letter, which speaks for itself.

35. Paragraph 35 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman denies the allegations set forth in Paragraph 35 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the May 15, 2019 letter and the ASA, which speak for themselves.

36. Paragraph 36 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman denies the allegations set forth in Paragraph 36 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the ASA, which speaks for itself.

37. Truman admits the allegations contained in Paragraph 37 of the Complaint to the extent that U.S. Bank declined to repurchase the Disputed Loans. Truman denies the remaining allegations set forth in Paragraph 37 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the June 2, 2019 letter and the ASA, which speak for themselves.

38. Truman admits the allegations contained in Paragraph 38 of the Complaint to the extent that U.S. Bank declined to repurchase the Disputed Loans. Truman denies the remaining allegations set forth in Paragraph 38 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the February 19, 2020 letter, which speaks for itself.

39. Truman admits the allegations contained in Paragraph 39 of the Complaint to the extent that U.S. Bank declined to repurchase the Disputed Loans. Truman denies the remaining allegations set forth in Paragraph 39 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the February 19, 2020 letter, which speaks for itself.

40. Truman admits the allegations contained in Paragraph 40 of the Complaint to the extent that Truman demanded U.S. Bank repurchase the Disputed Loans. Truman denies the remaining allegations set forth in Paragraph 40 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the April 8, 2020 letter, which speaks for itself.

41. Truman admits the allegations contained in Paragraph 41 of the Complaint to the extent that Truman demanded U.S. Bank repurchase the Disputed Loans. Truman denies the remaining allegations set forth in Paragraph 41 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the April 8, 2020 letter, which speaks for itself.

42. Truman admits the allegations contained in Paragraph 42 of the Complaint to the extent that U.S. Bank declined to repurchase the Disputed Loans. Truman denies the remaining allegations set forth in Paragraph 42 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the April 28, 2020 email, which speaks for itself.

43. Truman admits the allegations contained in Paragraph 43 of the Complaint to the extent that U.S. Bank declined to repurchase the Disputed Loans. Truman denies

the remaining allegations set forth in Paragraph 43 of the Complaint and leaves U.S. Bank to its proofs. Truman respectfully refers the Court to the April 28, 2020 email, which speaks for itself.

44. Truman admits the allegations contained in Paragraph 44 of the Complaint.

45. Truman admits the allegations contained in Paragraph 45 of the Complaint to the extent that U.S. Bank declined to repurchase the Disputed Loans. Truman denies the remaining allegations set forth in Paragraph 45 of the Complaint and leaves U.S. Bank to its proofs.

46. Truman admits the allegations contained in Paragraph 46 of the Complaint.

## FIRST CAUSE OF ACTION
### (ACTION FOR DECLARATORY RELIEF)

47. Truman repeats and reiterates the foregoing allegations as if fully set forth herein.

48. Paragraph 47 of the Complaint repeats and re-alleges the allegations set forth in Complaint to which responses are not required. To the extent a response is required, Truman denies the allegations.

49. Paragraph 48 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court. To the extent a response is required, Truman admits the allegations to the extent that U.S. Bank must repurchase the Disputed Loans.

50. Paragraph 49 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within

10

Court.  To the extent a response is required, Truman admits the allegations set forth in Paragraph 49 of the Complaint.

51.     Paragraph 50 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 50 of the Complaint and leaves U.S. Bank to its proofs.

52.     Paragraph 51 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 51 of the Complaint and leaves U.S. Bank to its proofs.

53.     Paragraph 52 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 52 of the Complaint and leaves U.S. Bank to its proofs.

54.     Paragraph 53 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 53 of the Complaint and leaves U.S. Bank to its proofs.

55.     Paragraph 54 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 54 of the Complaint and leaves U.S. Bank to its proofs.

11

56.     Paragraph 55 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 55 of the Complaint and leaves U.S. Bank to its proofs.

57.     Paragraph 56 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 56 of the Complaint and leaves U.S. Bank to its proofs.

58.     Paragraph 57 of the Complaint contains legal conclusions to which a response is not required, and Truman respectfully refers all questions of law to the within Court.  To the extent a response is required, Truman denies the allegations set forth in Paragraph 57 of the Complaint and leaves U.S. Bank to its proofs.

<u>**GENERAL DENIAL**</u>

Truman interposes a general denial to the Complaint.

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**</u>

1.      The Court lacks personal jurisdiction over Truman.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**</u>

2.      The Complaint fails to state a cause of action upon which relief can be granted.

<u>**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**</u>

3.      U.S. Bank's Complaint is barred, in whole, or in part, by its own intentional negligent or otherwise culpable wrongdoing.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

4.      U.S. Bank's claims have no basis, contain misstatements of law and fact, and fail to disclose material facts.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

5.      Any loss by U.S. Bank is solely due to U.S. Bank's own acts, failure to act and lack of due diligence, without cause or contribution thereto by Truman.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

6.      U.S. Bank's claims are barred by its unclean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

7.      U.S. Bank's declaratory judgment claim fails to present a justiciable controversy between the parties.

8.      Assuming there is a justiciable controversy, which there is not, this Court should decline to exercise its discretionary jurisdiction over U.S. Bank's declaratory judgment claim.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

9.      The Complaint is barred by the terms of the contract/ASA.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

10.     The Complaint is barred by Truman's complete performance under the ASA.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

11.     The Complaint may be barred by the doctrines of waiver, estoppel or laches.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

12. Truman has complied with all terms of the ASA to which it is obligated to perform.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

13. Truman is presently not able to determine all of the affirmative defenses which it is entitled to assert, and may later determine that there are additional affirmative defenses which are applicable in this case, including, but not limited to, those defense enumerated or contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. Truman reserves the right to supplement this Answer and to add any additional affirmative defenses to the Complaint.

## COUNTERCLAIMS

## PARTIES AND JURISDICTION

Now comes the Counter-Plaintiff, Truman, complaining of the Counter-Defendant, U.S. Bank, and states:

1. Truman is a single member LLC incorporated in Delaware, with its only member a Delaware LLC.

2. Upon information and belief, U.S. Bank is a national banking association organized under the National Bank Act and is deemed to be a citizen of the State designated in its articles of association as its main office, which is Ohio.

3. This Court has jurisdiction over the subject matter of this action pursuant to diversity jurisdiction, 28 U.S.C. 1332. This action is between citizens of different States and the amount in controversy exceeds $75,000.00.

14

4. Venue is proper pursuant to 28 USC 1391.

**<u>FACTS COMMON TO ALL CLAIMS</u>**

5. In or around early November 2018, US Bank and Truman began negotiating the ASA. On November 2, 2018, the parties entered into the ASA. Thereafter, Truman did a preliminary and cursory review of the loan files to ensure their completeness.

6. During this preliminary review time, it was discovered that a very limited number of loans had potential issues relating to the enforceability of the loan under New York Law. Truman requested a repricing of those Disputed Loans. At no time did US Bank state that Truman had to waive the representations and warranties under the ASA for US Bank to agree to reprice the Disputed Loans.

7. During the time of negotiations, Truman lacked sufficient information to be able to make a determination as to the overall enforceability of these Disputed Loans, but recognized that each may involve additional litigation, causing the original purchase price to need to be reduced. Thus, Truman's limited pre-closing review did not yet demonstrate that the Disputed Loans were not first position liens, lack enforceability, or were barred by the applicable statute of limitations to foreclose.

8. Truman was assured by the ASA that, "Each and every covenant made by the Buyer or the Seller in this Agreement shall survive the closing and shall not merge into the Closing Documents, but instead shall be independently enforceable." *See* Section 16 of the ASA. Indeed, nothing contained within the ASA states that any re-negotiated price of a loan within the purchase pool absolves U.S. Bank of any of its representations and warranties under Section 6.2 of the ASA, or extinguished Section 16 of the ASA.

15

9. Truman ultimately closed on ASA, including purchasing the Disputed Loans from U.S. Bank, on November 19, 2018.

10. The purchase of the Disputed Loans is governed by the ASA.

11. Following the closing, Truman, as part of its normal and customary loan management process, engaged in a deep data scrub of each individual loan including but not limited to ensuring that each complied with all representations and warranties in the ASA.

12. During this thorough post-acquisition due diligence, Truman became aware of a limited number of Disputed Loans that failed to comply with the ASA because they are: (i) not first liens; (ii) lack enforceability; and (iii) are barred by the applicable statute of limitations.

13. Specifically, under the ASA, US Bank represented and warranted in:

- Section 6.2.6 of the ASA that, "Seller hereby represents and warrants that, as to the Loan(s), the following representations and warranties are true and correct in all material respects as of the date hereof. . . . Seller has a first lien interest therein . . ."

- Section 6.2.7 of the ASA that, "Seller hereby represents and warrants that, as to the Loan(s), the following representations and warranties are true and correct in all material respects as of the date hereof. . . . The Note(s) and Mortgage(s) are the legal, valid and binding obligations of the Obligor thereof, enforceable against such Obligor in accordance with their terms . . .except particular remedies, waivers, and other provisions

16

may not be enforceable, ***but such unenforceability <u>does</u> not affect the practical realization of the intended benefits of the Mortgage(s), meaning the ability of the holder thereof <u>to foreclose the Mortgage(s) for any payment default by the maker or obligor thereunder</u>***." (emphasis added).

- Section 6.2.8 of the ASA that, "The Obligor has no valid defense that prevents enforcement by the holder thereof of the provisions of the Note(s) or Mortgage(s), or realization by the holder thereof or its assigns against the Mortgaged Property that arises from applicable local, state or federal laws . . . The Loan(s) are not subject to any . . . counterclaim or defense that prevents enforcement by the Seller thereof or its assigns of the provisions of the Note(s) or Mortgage(s), or realization by the Seller thereof or its assigns against the Mortgaged Property of the intended benefits of such Mortgage and no such claims have been asserted as of the date hereof with respect to such Loan."

14. Truman's complete loan review demonstrated that the Disputed Loans did not comply with the representations and warranties set forth in Sections 6.2.6, 6.2.7, and 6.2.8 of the ASA.

15. Under Section 16 of the ASA, clearly states that "Each and every covenant made by the Buyer or the Seller in this Agreement shall survive the closing and shall not merge into the Closing Documents, but instead shall be independently enforceable." Truman relied on this representation and warranty when closing on the ASA.

16. Section 16 of the ASA further states "the Seller's representation and warranties set forth in Sections 6.1 and 6.2 … shall expire one hundred (180) days after the Closing Date..."

17. Finally, Section 23 of the ASA requires that Truman provide written notice of U.S. Bank's breach within the 180 days and give them time to cure.

18. Recognizing that the Disputed Loans were in breach of U.S. Bank's representations and warranties under the ASA, Truman in compliance with Section 16 of the ASA, provided timely notice of U.S. Bank's breach of the ASA on May 15, 2019 ("May 15, 2019 Repurchase Letter"), within 180 days of the closing of the ASA on November 19, 2018.

19. In the May 15, 2019 Repurchase Letter, Truman demanded that US Bank either repurchase the Disputed Loans or provide additional documentation to cure the Disputed Loans deficiencies.

20. Despite this timely notice and repeated follow ups, US Bank has failed to cure its breach under the ASA.

## FIRST CAUSE OF ACTION
(*Breach of Contract*)

21. Truman repeats and reiterates the foregoing allegations as if fully set forth herein.

22. Truman purchased the Disputed Loans from U.S. Bank on November 19, 2018.

23. The purchase of the Disputed Loans is governed by the ASA.

24. In the ASA, U.S. Bank represented that all loans, including the Disputed Loans, were first position liens (*see* Section 6.2.6 of the ASA), were enforceable (*see* Section 6.2.7 of the ASA), and were not barred by the respective statute of limitations (*see* Section 6.2.8).

25. After purchase of the Disputed Loans, and within the ASA's required 180 day surviving period, Truman discovered that: (1) the Disputed Loans were not first position liens secured against the properties; (2) the Notes and Mortgages for the respective loans were not enforceable, and (3) that the Mortgages were barred by the statute of limitations, such that the ability to foreclose on the Mortgages for each Loan is barred by New York law.

26. Thus, U.S. Bank breached its representations and warranties pursuant to Sections 6.2.6, 6.2.7 and 6.2.8 of the ASA.

27. Upon discovery of the breach and within the timeframe constructs of the ASA under Sections 16 and 23, on May 15, 2019, Truman provided written notice of the breach to U.S. Bank and demanded US Bank either repurchase  the Disputed Loans or provide documentation remedying the breach of the representations and warranties.

28. Despite repeated follow ups, US Bank has failed to satisfy its contractual duties under the ASA.

29. As a result of U.S. Bank's breach of the ASA, Truman has suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (*Declaratory Judgment – Repurchase of the Disputed Loans*)

30.     Truman repeats and reiterates the foregoing allegations as if fully set forth herein.

31.     Truman purchased the Disputed Loans from U.S. Bank on November 19, 2018.

32.     The purchase of the Disputed Loans is governed by the ASA.

33.     In the ASA, U.S. Bank represented that all loans, including the Disputed Loans, were first position liens (*see* Section 6.2.6 of the ASA), were enforceable (*see* Section 6.2.7 of the ASA), and were not barred by the respective statute of limitations (*see* Section 6.2.8).

34.     After the closing of the ASA, Truman discovered that: (1) the Disputed Loans were in fact not first position liens secured against the properties; and (2) the Notes and Mortgages for the respective loans were not enforceable, such that the ability to foreclose on the Mortgages for each Loan is barred by the applicable New York statute of limitations .

35.     As a result of US Bank's actions, Truman did not receive an enforceable mortgage as represented and warranted by US Bank in the ASA.

36.     Thus, U.S. Bank breached its representations and warranties pursuant to Sections 6.2.6, 6.2.7 and 6.2.8 of the ASA.

37.     Upon discovery of the breach and within the timeframe construct of the ASA under Section 23 of the ASA, on May 15, 2019, Truman timely notified U.S. Bank of the breach and demanded a repurchase of the Disputed Loans.

38. Specifically, the closing of the ASA occurred on November 19, 2018. Pursuant to Section 16 and 23 of the ASA, within one hundred eighty (180) days of the Closing, on May 15, 2019, Truman notified U.S. Bank of its breach of the representations and warranties set forth in the ASA and demanded that U.S. Bank either repurchase the Disputed Loans or provide documentation remedying the breaches.

39. U.S. Bank has refused to repurchase the Disputed Loans and has provided no documentation remedying the breach of the representations and warranties.

40. Because of U.S. Bank's breach of its representations and warranties under Section 6 of the ASA, Truman respectfully requests that this Court enter a declaratory judgment, ordering that U.S. Bank repurchase the Disputed Loans in their entirety.

41. Thus, is just and appropriate that this Court declare and adjudge that U.S. Bank repurchase the Disputed Loans.

**WHEREFORE,** Truman requests that this Court enter judgment in its favor and against U.S. Bank, as follows:

a) Declaring and adjudging that U.S. Bank repurchase the Disputed Loans from Truman;

b) Ordering that U.S. Bank account to Truman profits and damages sustained by Truman from the foregoing acts of breach of contract;

c) Awarding Truman costs, attorney's fees and disbursements;

d) Dismissing U.S. Bank's Complaint in its entirety, with prejudice, on the merits, and at its cost; and

21

e)    Awarding Truman any such other and further relief as this Court deems just and proper.


Dated: August 21, 2020

Respectfully submitted,

*s/Andrew D. Parker*
Andrew D. Parker (#195042)
Christopher A. Young (#288998)
PARKER DANIELS KIBORT
888 Colwell Building
123 North Third Street
Minneapolis, Minnesota 55401
T: (612) 355-4100
parker@parkerdk.com
young@parkerdk.com

Jonathan M. Robbin, Esq. (*pro hac vice*)
J. ROBBIN LAW PLLC
200 Business Park Drive, Suite 103
Armonk, New York 10504
T: (914) 685-5016
Jonathan.robbin@jrobbinlaw.com